UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No. 07MJ2730 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| Eduardo SANDOVAL-Mejia, | Title 8, U.S.C., Section 1326 |
| Defendant | Deported Alien Found in the United States |

FILED

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The undersigned complainant, being duly sworn, states:

On or about **November 20, 2007** within the Southern District of California, defendant, **Eduardo SANDOVAL-Mejia**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Dwain R. Holmes Jr.
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 26th DAY OF **NOVEMBER, 2007**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Eduardo SANDOVAL-Mejia**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On Tuesday November 20, 2007, Border Patrol Agent L. Hayes was conducting assigned linewatch duties in the area known as "The Volcano Tubes." This area is approximately one and one half miles west of the San Ysidro, California Port of Entry and approximately three hundred yards north of the United States/Mexico International Boundary Fence. Undocumented aliens commonly use this area to further their illegal entry into the United States.

At approximately 11:15 pm Agent Hayes responded to a seismic intrusion device near his area. Upon reaching the area Agent Hayes observed a lone individual running north from the International Boundary Fence and the seismic device. Agent Hayes ordered the subject to stop, but he did not comply with his command. After a short foot pursuit Agent Hayes watched as the individual fell down in brush. Upon reaching the area and after a brief search, Agent Hayes located the individual along with four others.

Agent Hayes identified himself to each individual as a Border Patrol Agent and questioned each subject as to their citizenship. One subject, later identified as the defendant **Eduardo SANDOVAL-Mejia** stated to Agent Hayes that he is a citizen and national of Mexico. Agent Hayes asked the defendant if he possessed any immigration documents that would allow him to enter or remain in the United States legally. The defendant stated "no". Agent Hayes took the defendant and the others into custody and they were transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on **July 12, 2005** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. The defendant further stated that he has been previously deported and has never applied for permission to re-enter the United States prior to his entry.

**Executed on November 22, 2007 at 10:50 A.M.**

Dwain R. Holmes Jr
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **November 20, 2007**, in violation of Title 8, United States Code, Section 1326.

Jan M. Adler
United States Magistrate Judge

Date/Time  11/22/07 @ 11:01 a.m.